UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SWIISH, a Missouri Limited Liability Corporation, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )  No. 4:14-CV-2089 CAS<br>) |
| GOVERNOR JAY NIXON, et al., | )<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This removed matter is before the Court on separate motions to dismiss filed by defendants Governor Jay Nixon, Ronald K. Replogle, Superintendent of the Missouri State Highway Patrol, and the Missouri State Highway Patrol (collectively the "State defendants"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs oppose the motions, which are fully briefed and ready for decision. For the following reasons, the State defendants' motions, construed as motions pursuant to Rule 12(b)(1), Fed. R. Civ. P., will be granted and this matter will be remanded to state court for lack of subject matter jurisdiction.

**I. Background**

Plaintiffs Swiish, LLC, Corey Nickson-Clark and Chantelle Nickson-Clark own and operate the Swiish Bar and Grill (the "Bar") located at 8021 West Florissant Avenue in St. Louis County, Missouri. Plaintiffs allege that on August 10, 2014, they were ordered to close the Bar and the defendants established a police command center immediately in front of the Bar and occupying all

of its dedicated parking lot.[1]  Plaintiffs allege that the command center blocked access to the Bar and caused it to be closed from August 10, 2014 until August 27, 2014.

Plaintiffs assert the Bar's closure constituted a taking of their property for public use by the defendants in violation of the "Missouri and United States Constitutions, pursuant to Missouri common law and 42 U.S.C. § 1983." Petition at 4, ¶ 22.  Plaintiffs allege they suffered damages as a result of the Bar's closure, for lost income and damage to food stock in an amount in excess of $25,000.  Plaintiffs seek judgment against "all defendants, jointly and severally, for damages in an amount exceeding $25,000 pursuant to Missouri Common Law and 42 U.S.C. § 1983[.]" Petition at 4.

The State defendants removed the case to federal court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, on the basis that plaintiffs' petition alleged violations of their constitutional rights under 42 U.S.C. § 1983.  The State defendants move to dismiss plaintiffs' petition on the grounds that (1) plaintiffs fail to allege facts establishing a claim against the State defendants; (2) plaintiffs fail to allege facts showing any personal involvement by the State defendants in the actions complained of; and (3) the State defendants are entitled to Eleventh Amendment immunity.

**II. Legal Standard**

Although the State defendants' motions to dismiss include arguments that plaintiffs' petition fails to state a claim upon which relief can be granted, the Court only addresses the arguments based on Eleventh Amendment immunity.  These arguments affect subject matter jurisdiction, as the "Eleventh Amendment presents a jurisdictional limit on federal courts in civil rights cases against

---

[1] Other defendants named in this action are the City of Jennings, Missouri, the City of Ferguson, Missouri, and St. Louis County, Missouri.  Plaintiffs' petition does not specify which of the defendants took the actions they complain of.

states and their employees." Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989); see Murphy v. State of Ark., 127 F.3d 750, 755 (8th Cir. 1997). Thus, the State defendants' motions to dismiss are properly construed as challenging subject matter jurisdiction under Rule 12(b)(1).

"In order to properly dismiss [an action] for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citing Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citation omitted)). Here, the State defendants' motions to dismiss on Eleventh Amendment grounds asserts a facial challenge to plaintiffs' petition. Under a facial challenge to jurisdiction, a court restricts itself to the face of the pleadings, Osborn, 918 F.2d at 729, n.6, and all of the factual allegations concerning jurisdiction in the complaint are presumed to be true. See Titus, 4 F.3d at 593 & n.1. The standard for a motion to dismiss under Rule 12(b)(6) applies equally to a motion to dismiss for lack of subject matter jurisdiction which asserts a facial challenge under Rule 12(b)(1). See id.; Osborn, 918 F.2d at 729 n.6.

To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

## III. Discussion

### A. State Defendants

The State defendants assert that they are entitled to Eleventh Amendment immunity. The Eleventh Amendment bars suits against non-consenting states by their own citizens, citizens of another states, citizens of foreign states, or foreign nations. U.S. Const. amend. XI; Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 97-98 (1984). This immunity extends to states and "arms" of the state, which can include state agencies. See, e.g., Edelman v. Jordan, 415 U.S. 651 (1974); Union Electric Co. v. Missouri Dep't of Conservation, 366 F.3d 655, 660 (8th Cir. 2004) (Missouri Department of Conservation was an arm of the State for Eleventh Amendment purposes). Section 1983 damage claims against individual defendants acting in their official capacities are likewise barred, either by the Eleventh Amendment or because in these capacities they are not "persons" within the meaning of § 1983. Murphy, 127 F.3d at 754 (citing Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989)).

Defendants Nixon and Replogle, who are sued only in their official capacities, argue that plaintiffs' claims against them are barred by the Eleventh Amendment, as it prohibits the imposition of money damages against a state or against state officials in their official capacities, citing Edelman, 415 U.S. at 663. Defendant Missouri State Highway Patrol ("MSHP") argues it is entitled to Eleventh Amendment immunity from claims for money damages as an arm or agency of the State of Missouri, citing Aubuchon v. State of Missouri, 631 F.2d 581, 582 (8th Cir. 1980) (State of Missouri is not a proper party to an action under § 1983); and Holloway v. Ameristar Casino St. Charles, Inc., 2007 WL 2199566, at *7 (E.D. Mo. July 21, 2007) (MSHP is a state agency entitled to Eleventh Amendment immunity).

In response, plaintiffs concede that the State defendants are not "persons" under § 1983, but contend the motions to dismiss are moot because the petition does not assert § 1983 claims against the State defendants. Plaintiffs contend that the petition asserts only state common law actions for taking and inverse condemnation against the State defendants, and argue that the Court has no subject matter jurisdiction over the claims and must remand the case to state court. Plaintiffs further respond that if the Court determines federal subject matter jurisdiction does exist, the State defendants have waived Eleventh Amendment immunity by removing the case to federal court, citing Lapides v. Board of Regents of the University System of Georgia, 535 U.S. 613, 624 (2002).

The State defendants reply that the petition specifically asserts claims against them under § 1983 and Missouri common law, and that plaintiffs seek damages against all defendants under § 1983. Thus, the State defendants argue plaintiffs have alleged a claim arising under the laws of the United States, federal subject matter jurisdiction exists, and their motions to dismiss are not moot. The State defendants further reply that their removal of this case does not waive Eleventh Amendment immunity, as the Supreme Court's holding in Lapides is limited to the situation where a state waives its underlying sovereign immunity from suit for common law tort claims in its own state courts and then removes the suit to federal court, which has not happened here. In support, the State defendants cite Belkin v. Casino One Corp., 2014 WL 1727896, at **3-4 (E.D. Mo. May 1, 2014); Lacy v. Gray, 2013 WL 3766567, at *3 (E.D. Mo. July 16, 2013); and Johnson v. Board of Police Commissioners, 2007 WL 1629909, at *3 (E.D. Mo. June 7, 2007).

Plaintiffs' assertion that they did not plead any federal claims against the State defendants is belied by a review of the petition, which shows that plaintiffs have asserted § 1983 claims against the State defendants. The petition alleges that the defendants' actions, collectively, constitute a taking of plaintiffs' property pursuant to the Missouri and United States Constitutions, and that this

5

taking without compensation violates the Missouri and United States Constitutions pursuant to Missouri common law and 42 U.S.C. § 1983. Petition, ¶¶ 19. The prayer for relief seeks judgment "against all defendants, jointly and severally, for damages in an amount exceeding $25,000 pursuant to Missouri Common Law and 42 U.S.C. § 1983." Id. at 4 (emphasis added). The Court therefore finds plaintiffs' contention that their petition does not assert § 1983 claims against the State defendants to be specious.

As a threshold matter, the Court rejects plaintiffs' argument that the State defendants waived their Eleventh Amendment immunity by removing the case to federal court. This Court has previously rejected similar arguments and held that Lapides does not extend to situations where, as here, the defendants did not waive immunity at the state level. See Belkin, 2014 WL 1727896, at **3-4; Lacy, 2013 WL 3766567, at *3; Johnson, 2007 WL 1629909, at *3. The undersigned adheres to these holdings and adopts the well-reasoned decisions of Judges Webber, Sippel and Perry.

Plaintiffs' § 1983 claims for money damages against defendants Nixon and Replogle, state officials sued in their official capacity, are barred either by the Eleventh Amendment or because in these capacities they are not "persons" for § 1983 purposes. See Murphy, 127 F.3d at 754. The MSHP is an agency of the State of Missouri entitled to Eleventh Amendment immunity. See Theisen v. Stoddard County, 2014 WL 4229793, at *1 (E.D. Mo. Aug. 26, 2014); Belkin, 2014 WL 1727896, at **2-3; Leith v. State of Mo. Highway Patrol, 2007 WL 869508, at *2 (W.D. Mo. Mar. 20, 2007). Accordingly, plaintiffs' § 1983 claims for money damages against the MSHP are barred by the Eleventh Amendment.[2] The State defendants' motions to dismiss on the basis of Eleventh Amendment immunity should therefore be granted.

---

[2]Plaintiffs' petition does not seek injunctive or declaratory relief against any defendant.

In addition, the Court lacks subject matter jurisdiction over plaintiffs' § 1983 claims against the State defendants because the claims are not ripe. "The ripeness doctrine is aimed at preventing federal courts, through premature adjudication, from 'entangling themselves in abstract disagreements.'" Citizens for Equal Protection v. Bruning, 455 F.3d 859, 863 (8th Cir. 2006) (quoting Thomas v. Union Carbide Agr. Prods. Co., 473 U.S. 568, 580 (1985)). "[T]he question of ripeness may be considered on a court's own motion." National Park Hospitality Ass'n v. Department of Interior, 538 U.S. 803, 808-09 (2003).

Under both the United States and Missouri Constitutions, private property may not be taken or damaged for public use without just compensation. U.S. Const. amend V, Mo. Const. Art. I, § 26. The Supreme Court has held that a property owner may not bring a federal claim for violation of the Fifth Amendment's Just Compensation Clause until it has exhausted any available state procedure for seeking just compensation, and been denied it. Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 195 (1985); see Snaza v. City of St. Paul, Minn., 548 F.3d 1178, 1181-82 (8th Cir. 2008); Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir. 2003). This is because "a property owner has not suffered a violation of the Just Compensation Clause until the owner has unsuccessfully attempted to obtain just compensation through the procedures provided by the State[.]" Williamson County, 473 U.S. at 195. The principle announced in Williamson County is a prudential ripeness requirement. Suitum v. Tahoe Reg'l Planning Agency, 520 U.S. 725, 733-34 (2010).

Missouri has an adequate procedure pursuant to Article I, Section 26 of the Missouri Constitution, by which property owners may seek just compensation in state circuit courts. See State

ex rel. State Highway Comm'n v. Swink, 537 S.W.2d 556, 558 (Mo. 1976) (en banc).[3]  Under Missouri law, "Inverse condemnation is the proper remedy whenever a condemning authority takes or damages private property for a public use without just compensation." Heins Implement Co. v. Missouri Highway & Transp. Comm'n, 859 S.W.2d 681, 693 n.18 (Mo. 1993) (en banc) (citing Mo. Const., art. I, § 26; Swink, 537 S.W.2d at 558), abrogated in part on other grounds by Southers v. City of Farmington, 263 S.W.3d 603, 614 n.13 (Mo. 2008) (en banc).

Plaintiffs do not plead any facts to show that they have filed an inverse condemnation action in the state courts and just compensation has been refused.  Thus, plaintiffs have failed to plead facts showing that their Fifth Amendment claim under § 1983 is ripe for determination by this Court, and it will be dismissed for lack of subject matter jurisdiction.  Cf. Remmen v. City of Ashland, 2009 WL 3020151, at *4 (D. Neb. Sept. 18, 2009) (dismissing § 1983 just compensation claim for lack of subject matter jurisdiction where plaintiffs did not plead any facts to establish ripeness), aff'd, 373 F. App'x 644 (8th Cir. 2010).

The Court also lacks subject matter jurisdiction over plaintiffs' state law claims against the State defendants.  A state common law inverse condemnation action may be brought in federal court, but only where the traditional requirements of federal diversity jurisdiction are met.  See, e.g., Vulcan Materials Co. v. City of Tehuacana, 238 F.3d 382, 385-86 (5th Cir. 2001); SK Finance SA v. La Plata Cnty. Bd. of Cnty. Comm'rs, 126 F.3d 1272, 1276 (10th Cir. 1997).  The parties to this

---

[3]"Art. I, sec. 26, Mo. Const., provides in part: 'That private property shall not be taken or damaged for public use without just compensation.  Such compensation shall be ascertained by a jury or board of commissioners of not less than three freeholders, in such manner as may be provided by law; and until the same shall be paid to the owner, or into court for the owner, the property shall not be disturbed or the proprietary rights of the owner therein divested.'  This constitutional provision is self-enforcing." State ex rel. State Highway Comm'n v. Swink, 537 S.W.2d 556, 558 (Mo. 1976) (en banc).

8

action are not of diverse citizenship and there is no allegation that the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332(a), so diversity jurisdiction does not exist. Further, Williamson County's exhaustion requirement cannot be satisfied by simultaneously bringing federal and state takings claims. See Samaad v. City of Dallas, 940 F.2d 925, 934 (5th Cir. 1991), abrogated in part on other grounds by Williamson County, 473 U.S. at 195. Finally, there can be no supplemental jurisdiction over plaintiffs' state law claims under 28 U.S.C. § 1367, because the federal claims that provided the sole basis of supplemental jurisdiction are not ripe. Id.; Vulcan, 238 F.3d at 385.

As a result, the State defendants' motions to dismiss plaintiffs' § 1983 claims must be granted for lack of subject matter jurisdiction, and the Court does not reach the State defendants' arguments that plaintiffs' petition fails to state a claim upon which relief can be granted.

B. Municipal and County Defendants

Remaining in this action are plaintiffs' § 1983 and state law taking and inverse condemnation claims against the municipal and county defendants. Defendant City of Ferguson has filed a motion to dismiss plaintiffs' petition, but with its consent plaintiffs were granted an extension of time to respond to the motion to dismiss, until such time as the City of Jennings and St. Louis County are served with process and file their answers or motions to dismiss. The Court therefore does not address the City of Ferguson's motion to dismiss.

On its own motion, the Court concludes that plaintiffs' § 1983 claims against the municipal and county defendants are not ripe for the same reason that their claims against the State defendants are not ripe: Plaintiffs have not alleged that they exhausted the state procedures for just compensation available to them. See Williamson County, 473 U.S. at 195. The Court does not have diversity or supplemental jurisdiction over plaintiffs' state law claims against the municipal and county defendants for the same reasons discussed above with respect to the State defendants. The

Court will therefore dismiss plaintiffs' § 1983 claims against the municipal and county defendants for lack of subject matter jurisdiction and remand this action to state court.

## IV. Conclusion

For the foregoing reasons, the State defendants' motion to dismiss plaintiffs' § 1983 claims against them on the basis of Eleventh Amendment immunity should be granted, as the Court lacks subject matter jurisdiction over those claims. In addition, all of plaintiffs' claims under § 1983 must be dismissed for lack of subject matter jurisdiction because they are not ripe. The Court does not have diversity jurisdiction over plaintiffs' state law claims for taking and inverse condemnation, and cannot exercise supplemental jurisdiction over those claims because the federal claims on which supplemental jurisdiction would be based are not ripe. As a result, the state law claims in this matter must be remanded to the state court from which the case was removed.[4]

Accordingly,

**IT IS HEREBY ORDERED** that defendants Nixon, Replogle, and Missouri State Highway Patrol's Motions to Dismiss, construed as motions pursuant to Rule 12(b)(1), Fed. R. Civ. P., are **GRANTED** as to plaintiffs' claims under 42 U.S.C. § 1983, and those claims are **DISMISSED** for

---

[4] At the conclusion of plaintiffs' opposition to the State defendants' motions to dismiss, plaintiffs ask for leave to file an amended complaint if the Court concludes that federal jurisdiction exists and that they have failed to state a claim. As neither of these prerequisites to plaintiffs' request has occurred, the Court deems the request moot. Further, although leave to amend is normally to be freely granted, see Fed. R. Civ. P. 15(a)(2), the Eighth Circuit has held that a district court properly denies leave to amend where a plaintiff does not submit a motion for leave to amend, but merely concludes his response to the defendant's motion to dismiss with a request for leave to amend and does not offer a proposed amended complaint or even the substance of the proposed amendment. See Minneapolis Firefighters' Relief Ass'n v. MEMC Electronic Materials, Inc., 641 F.3d 1023, 1030 (8th Cir. 2011); In re 2007 Novastar Financial, Inc., Secs. Litig., 579 F.3d 878, 884-85 (8th Cir. 2009).

lack of subject matter jurisdiction based on Eleventh Amendment immunity and lack of ripeness. [Docs. 5,7,9]

**IT IS FURTHER ORDERED** that on the Court's own motion, plaintiffs' claims against defendants City of Ferguson, City of Jennings, and St. Louis County under 42 U.S.C. § 1983 are **DISMISSED** for lack of ripeness.

**IT IS FURTHER ORDERED** that defendant City of Ferguson's Motion to Dismiss is **DENIED as moot**, without prejudice. [Doc. 18]

**IT IS FURTHER ORDERED** that plaintiffs' state law claims will be remanded to the Circuit Court for the County of St. Louis, State of Missouri, from which this case was removed.

An appropriate order of partial dismissal and remand will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   27th   day of February, 2015.